**GENERAL INSURANCE COMPANY OF AMERICA, Plaintiff-Appellee,**

v.

**COMMODITY CREDIT CORPORATION and the United States of America, Defendants-Appellants.**

**No. 552-69.**

United States Court of Appeals, Tenth Circuit.

Aug. 24, 1970.

Herbert A. Marshall, Topeka, Kan., for plaintiff-appellee.

Elmer Hoge, Asst. U. S. Atty., for defendants-appellants.

Before BREITENSTEIN and HOLLOWAY, Circuit Judges, and CHRISTENSEN, District Judge.

BREITENSTEIN, Circuit Judge.

This appeal arises out of the same law suit as that considered by us in our No. 326-69, General Insurance Company of

America v. Commodity Credit Corporation, 430 F.2d 916, in which an opinion has heretofore been filed. We are here concerned with an order of the district court allowing attorneys' fees and expenses in the amount of $1,566.40 to the interpleading plaintiff. The CCC and the United States attack that order.

General Insurance was surety for a defaulting Kansas grain warehouse. It brought an interpleader against claimants under its bond in effect when the warehouse went into receivership. CCC counterclaimed to recover against a previous bond as well as the bond under which the surety admitted liability. At least one other party asserted a claim against the surety on a basis other than the bond covered by the interpleader complaint. The deposited fund was distributed pursuant to court order. Later the court ordered the additional payment of $3,600 in interest. The surety then moved for an allowance of attorneys' fees and expenses. CCC and the United States appeal from the grant of that motion.

The award was for fees and expenses in the interpleader phase of the action. CCC and the United States argue that in the circumstances of this case, including the surety's delay in bringing the action, the insufficiency of the fund to satisfy all claims, and the presence of the United States as a party, the surety cannot invoke equitable principles to recover the amount awarded. They also say that the allowance is prohibited by 28 U.S.C. § 2412 relating to the taxing of costs against the government.

Our decision in Case No. 326–69 allows CCC to recover under the previous bond the amount unsatisfied by the distribution under the interpleaded bond. Thus, the CCC and the United States recover the full amount of their loss and are in no position to object on equitable grounds. For the same reason the question of the applicability and effect of § 2412 is moot. No other party complains of the allowance.

Affirmed.